UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HENRY BENTEL, III                           CIVIL ACTION

VERSUS                                      NO: 14-2699

MICHAEL J. GLASER, ET AL.                   SECTION: "A"(5)


## ORDER

Before the Court is a **Motion to Dismiss (Rec. Doc. 18)** filed by Defendants.  Plaintiff has not filed an opposition to this motion.  The motion has a submission date of July 1, 2015.

Defendants base their motion on FED. R. CIV. P. 25 which governs litigation procedures in the event of a party's death or incompetence during its pendency.  That rule states in pertinent part, "A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after the service of a statement noting the death, the action by or against the decedent must be dismissed." FED. R. CIV. P. 25(a)(1).

Defendants filed a suggestion of death on March 3, 2015 (Rec. Doc. 16) noticing the death of Plaintiff.  More than ninety (90) days have passed, and Plaintiff has not responded.  Defendants argue that they have fulfilled their obligations under FRCP 25 and that the case must now be dismissed.

However, the Court notes another part of this rule which states the following: "A motion to substitute . . . must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4.  A statement noting death must be served in the same manner." FED. R. CIV. P. 25(a)(3).

The Fifth Circuit addressed this issue as a matter of first

impression on March 13, 2015. *Sampson v. ASC Indus.*, 780 F.3d 679 (5th Cir. 2015). Under similar circumstances, the court held that service on the plaintiff's lawyer does not suffice to start the running of the ninety day clock; the estate of the plaintiff must also be served. *Id.* at 682. The Court suggested that it is the serving party's burden to identify and serve a successor or representative, and it cited supporting cases holding that in the absence of service even actual knowledge of the death and the litigation by a successor or representative does not trigger the time period. *Id.* at 681-82.

Defendants have provided no evidence of service to such nonparties.

Accordingly;

**IT IS ORDERED** that **Motion to Dismiss (Rec. Doc. 18)** filed by Defendants is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that this case shall be **STAYED and ADMINISTRATIVELY CLOSED** for six (6) months. The case may be reopened by ex parte motion of either party. If Defendants fulfill the requirements of FRCP 25 as interpreted by *Sampson* while the case is still closed, they may nonetheless move to reopen the case and re-file their motion to dismiss at that point.

July 17, 2015

_____
Judge Jay C. Zainey
United States District Court